UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH EMERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 06-109-B-W |
| | ) |
| JASON ZANKE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO EXCLUDE EXPERT TESTIMONY
OF CAPTAIN G. ANDERSON CHASE**

This is a maritime personal injury case arising as a result of a collision between two lobster fishing vessels in Maine waters. Plaintiff alleges that the defendants were negligent in their operation of their vessels in such a manner as to cause them to come into contact. This, in turn, caused a guardrail to splinter, a piece of which went into plaintiff's eye. The defendants both deny liability and the Zanke defendants have moved to exclude plaintiff's liability expert, Captain G. Anderson Chase. Their motion to exclude is based on three grounds, Chase lacks qualifications, his opinion is not based upon a scientifically appropriate methodology and has no connection to existing data, and finally, the expert designation itself fails to comply with Federal Rule of Civil Procedure, Rule 26 (a)(2)(b). I now deny the motion.

**A.  The Expert Designation and Rule 26**

Plaintiff's original expert designation was made on April 24, 2007, and consisted of the following:

> Capt. G. Anderson Chase of Maine Maritime Academy (CV enclosed) will testify for the Plaintiff as an expert. Capt. Chase has reviewed all three depositions and the exhibits. Capt. Chase is expected to testify that the boat making the approach on the stationary boat initially had the responsibility to avoid a collision. Once the boats were alongside

1

>and it became apparent that the boats were getting too close then it was the obligation of both captains to take action to avoid colliding.
>
>Capt. Chase is billing at $150/hour.

A copy of Captain Chase's resume with his educational background, maritime licenses, professional experience, and conference presentations was attached to the designation. The expert was never deposed and there is no further information suggesting that he intends to offer any additional opinions concerning this case.

To put this designation in perspective, plaintiff asks that I consider the expert designation filed by defendant Zanke, in July 2007:

>Jason Zanke (education and experience outlined in deposition testimony) may give testimony that you, or one of you, might consider as being "expert" testimony. Accordingly, please be advised that he was present at all three depositions and has reviewed the deposition exhibits. Mr. Zanke is expected to testify consistent with his deposition testimony. He is expected to testify that the boat making the approach (SEA BREEZE) on the stationary boat (RENEGADE) had the responsibility to avoid a collision. To the extent any negligence caused the two vessels to touch, the cause of the contact by SEA BREEZE with RENEGADE was due to the negligent operation and navigation of the SEA BREEZE by the person in charge of her, including, but not limited to, excessive speed and/or a failure to consider the prevailing circumstances, including wind, tide, and sea conditions as well as a failure to maneuver his vessel in such a fashion as to avoid collision and/or in a manner befitting a reasonably prudent lobster fisherman of his age and experience.

(Doc. No. 23, Ex. 1.)

Given the nature of this case, the apparent limited scope of Captain Chase's expert opinion, and the fact that throughout the discovery phase of the case counsel for Zanke never expressed any interest in clarifying any aspect of the designation, it would be clearly erroneous for me to exclude Captain Chase from testifying based upon some perceived, technical Rule 26 violation. Defendant's entire argument on this score consists of restating Rule 26(a)(2)(b) and appending this comment: "[d]efendant submits that Ex. A falls far short of meeting this

standard. For this reason alone, the defendant submits that plaintiff should be barred from offering into evidence any testimony by Captain Chase." (Doc. No. 22 at 7.)

      I do not mean to suggest that Captain Chase is given leave to opine about matters not covered in this designation or that the defendants were under an obligation to depose Captain Chase to more fully develop his opinion. Frankly, though, I am at a loss as to exactly what aspect of Rule 26 has been violated. Perhaps defendants are objecting because there is no listing of other cases where the witness has testified, but exclusion on that basis seems extreme.[1] Defendants have not identified any particular information that prejudices them nor have they articulated what particular aspects of Rule 26 have been ignored. I see no reason related to Rule 26 that would bar Chase from testifying to the matters disclosed in the original disclosure and the supplemental affidavit. His "expanded" opinion that there is no local custom or rule that exempts lobster boats from these general rules of the "road" and ship handling, is implicit in the original designation.

## B. The Expert Designation and <u>Daubert</u>

      The Zanke defendants have also moved to exclude Captain Chase from testifying because of a claimed lack of qualification and because his opinion lacks sufficient indicia of reliability. Pursuant to Rule 702 of the Federal Rules of Evidence:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and

---

[1] Apparently plaintiff's counsel also identified this lack of information about prior testimony as a possible perceived deficiency and has filed a supplemental affidavit indicating Chase has never testified in a civil action either in trial or at a deposition. Chase's supplemental affidavit does not expand upon the initial expert disclosure other than to opine that there is no local rule or custom pertaining to lobster boats that exempts them from the general rule of ship handling set forth in the disclosure. Chase's affidavit also explains that he has authored no articles on small boat handling. (Docket No. 25). I cannot imagine how this supplement would prejudice defendants and they make no argument to that effect.

3

>methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"Federal Rule of Evidence 702 imposes an important gatekeeper function on judges by requiring them to ensure that three requirements are met before admitting expert testimony: (1) the expert is qualified to testify by knowledge, skill, experience, training, or education; (2) the testimony concerns scientific, technical, or other specialized knowledge; and (3) the testimony is such that it will assist the trier of fact in understanding or determining a fact in issue."  Correa v. Cruisers, 298 F.3d 13, 24 (1st Cir. 2002);  see also Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 592 (1993) (discussing trial judge's role in screening scientific expert testimony for reliability and relevancy); Diefenbach v. Sheridan Transp., 229 F.3d 27, 30 (1st Cir. 2000) (setting forth three requirements of Rule 702).  In Kumho Tire Company, Ltd. v. Carmichael, 526 U.S. 137 (1999), the United States Supreme Court made clear that the trial judge's "gatekeeping" obligation vis-à-vis expert testimony applies not only to "scientific" knowledge, but also to "technical" or "other specialized knowledge."  Id. at 141.  The trial court must remember that "[t]he ultimate purpose of the [expert evidence] inquiry is to determine whether the testimony of the expert would be helpful to the jury in resolving a fact in issue."  Cipollone v. Yale Indus. Prod., Inc., 202 F.3d 376, 380 (1st Cir. 2000); accord Hochen v. Bobst Group, Inc., 290 F.3d 446, 452 (1st Cir. 2002) (quoting Cipollone).

### 1. *Captain Chase is qualified to testify about general rules of ship handling.*

Captain Chase in an Associate Professor of Nautical Science at the Maine Maritime Academy and, according to Zanke, Chase's field of expertise is in the area of marine transportation.  Chase has never operated a commercial lobster fishing vessel and he has no practical knowledge of the customs or practices in the lobster fishery in coastal Maine.  In my view those facts go to the weight a factfinder might give to Chase's opinion, not its admissibility.

4

Chase's admitted expertise in marine transportation qualifies him to testify about the obligations of operators of vessels.  Zanke as much as concedes Chase would be qualified to give this opinion pertaining to sail training vessels or large merchant marine vessel operations.  However, Chase is not opining about anything unique to lobster fishing vessels.  He says that it is his opinion that any boat making an approach on a stationary boat has the obligation to avoid a collision and that once both boats become stationary alongside each other both operators then have an obligation to avoid a collision.   In Captain Chase's view these rules are generally applicable to all maritime vessels and there is no local custom or usage that would relieve the operators of two stationary lobster fishing vessels of the obligation to avoid a collision.  His training, education, and experience qualify him to express such an opinion.

2. *Captain Chase's opinion, as limited by the disclosure and this motion, does not require accident reconstruction or testing to make it reliable.*

Zanke's motion appears to target Captain Chase's testimony primarily because he failed to inspect the accident scene and failed to disclose any underlying facts upon which he bases his opinion.  However, the disclosure does not opine that either operator performed negligently when the boats came alongside each other and were no longer moving.  Captain Chase merely opines that at that point in time (if it ever occurred) both operators would have had an equal obligation to take action to avoid a collision.  There is nothing in the disclosure which even hints at the suggestion that Captain Chase's opinion will include a description of what either operator should have done to avoid this collision.  Clearly, if he intended to offer an opinion on that issue, counsel should have included that opinion in the disclosure.  Chase will only offer an opinion as to what obligation the operator of each vessel had.  Whether Zanke or the other operator was more likely than not negligent in fulfilling the obligation to avoid a collision, will have to be

proven by the facts, not by Chase's expert opinion about those facts, whatever they may be. Plaintiff does not argue to the contrary.

There is no "scientific testing" or "accident reconstruction" methodology associated with this sort of opinion. Rules of maritime vessel operation are not necessarily within the ken of ordinary laypeople. Captain Chase has sufficient education, experience, and training to express his opinion regarding those rules as they apply to the factual situation involving two lobster boats in coastal Maine waters. Nothing further need be said.

## Conclusion

Based upon the foregoing I now deny the motion to exclude testimony.

## **CERTIFICATE**

Any objections to this Order shall be filed in accordance with Fed.R.Civ. P. 72.

*So Ordered.*

August 31, 2007　　　　　　　　　　/s/ Margaret J. Kravchuk
　　　　　　　　　　　　　　　　　U.S. Magistrate Judge