UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOSEPH EMERSON                    )
                                  )
        v.                        )        CV-06-109-B-W
                                  )
JASON ZANKE et al.,               )
                                  )
                Defendants.       )

## ORDER ON PLAINTIFF'S MOTION *IN LIMINE*

The Court denies the Plaintiff's Motion *in Limine* to exclude the diary of the Defendant's wife, Ms. Lisa Zanke, because its admissibility depends upon developments at trial.

## I.      STATEMENT OF FACTS

This is a cause of action under the Jones Act for injuries Joseph Emerson sustained to his right eye on October 8, 2003, while working as a stern man on a fishing vessel at sea.  Mr. Emerson has charged that Jason Zanke, the owner and operator of the F/V *Renegade*, caused his eye injury through negligence and the operation of an unseaworthy vessel.  *Compl.* (Docket # 1). On October 23, 2007, in anticipation of trial, Mr. Emerson moved *in limine* to exclude from evidence all mention of the diary of Lisa Zanke, Jason Zanke's wife and the bookkeeper for the F/V *Renegade*.  *Pl.'s Mot.* in Limine *Regarding Lisa Zanke Diary* (Docket # 39) (*Pl.'s Mot.*). Ms. Zanke's diary contains entries from October 8 through October 30, 2003, and describe conversations Ms. Zanke had with her husband and with Mr. Emerson's wife about his eye injury and his subsequent surgery and recovery.  *Pl's Mot. Ex. 1.*

Mr. Emerson's particular quarrel is over an entry for October 30, 2003, which describes a conversation Ms. Zanke had with her husband about a conversation he had with Joseph Emerson about a conversation he had with his physician.  *Pl.'s Mot.* at 2.   The diary entry reads:

Oct. 30

Jason came in this morning and told me he saw Joe's truck up by his tree stand, early this morning that means Joe was hunting. He has been told by his Doctor no [sic] to lift anymore than 10 lbs. That means no bow hunting. Drawing back on a bow requires about 50-60 lbs of pressure or strength on a person. His Doctor has told Joe that he cannot go hunting period. Then Jason tells me that about a week ago, Joe tells him he tried to shoot a deer with his bow and popped out two stitches and had to go to his Doctor ASAP, to find out what he had done for damage. Apparently the Doctor told him the two stitches were in the white of his eye top and bottom and they would not go back in for emergency surgery to put those back in. She said hopefully those shouldn't cause a problem.

*Pl.'s Mot. Ex. 1* at 4. Mr. Emerson contends that the diary contains "hearsay or double hearsay," that the diary reflects Ms. Zanke's conclusions, and that the diary reflects opinions that only a physician can express. *Pl.'s Mot.* at 2. The Defendants respond that the diary entries are admissible under Fed. R. Evid. 803(5) and, in any event, that the Court should reserve ruling until the context of the evidence is determined at trial. *Defs.' Jason Zanke and F/V Renegade, Inc.'s Opp'n to "Pl.'s Mot. in Limine Regarding Lisa Zanke Diary"* (Docket # 45).

## II.   DISCUSSION

The Zanke diary is of dubious admissibility. If submitted to prove that the recorded events actually occurred, diary entries are hearsay.[1] *Collins v. Kibort*, 143 F.3d 331, 338 (7th Cir. 1998). The Defendants contend, however, that the diary entries are admissible under Rule 803(5):

A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory, and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence, but may not itself be received as an exhibit unless offered by an adverse party.

---

[1] Whether Mr. Emerson caused additional damage to his eye by disobeying his doctor's restrictions is relevant; the issue is whether the information in the diary is inadmissible for other reasons.

Fed. R. Evid. 803(5).  Diary entries may be admissible under Rule 803(5).  *Collins*, 143 F.3d at 338; *Greger v. Int'l Jensen, Inc.*, 820 F.2d 937, 942-43 (8th Cir. 1987) (discussing the distinction between Fed. R. Evid. 612 and 803(5)); *McDowell v. Seaboard Farms of Athens, Inc.*, No. 95-609-CIV-ORL-19, 1996 U.S. Dist. LEXIS 19558, at *21-24 (M.D. Fl. Nov. 4, 1996); *see also Forvis v. McGinty*, 292 F. Supp. 2d 160, 161-62 (D. Me. 2003) (admitting, via Rule 803(5), a doctor's written record by deeming a patient's statement to be evidence of what the patient said to the doctor when the statement was not admissible as a medical record).  Here, whether Ms. Zanke's testimony will meet the Rule's requirements or whether the diary would be otherwise admissible remains to be seen, but whether the Defendant's wife's written record about what the Defendant told her about what the Plaintiff told him about what his physician told him seems, by the description alone, to be a stretch.

Admissibility turns on the trial context.  Either the diary itself or testimony about the conversation between Mr. Zanke and Mr. Emerson may be admissible under a different provision.[2]  For example, if Mr. Emerson admits he went hunting in violation of his doctor's orders and caused further damage to his right eye, the diary would be inadmissible, since it would be cumulative.  If Mr. Emerson denies it, Mr. Zanke could testify about what Mr. Emerson admitted to him the week before the entry was made and what he saw the day the entry was made.  Fed. R. Evid. 801(d)(2).  If Mr. Emerson attempts to impeach Mr. Zanke's testimony on this issue, Ms. Zanke could then testify that her husband made the statement on October 30, 2003, and if her testimony were attacked, the diary might be admissible to rebut "an express or

---

[2] If Ms. Zanke were to testify about the conversation she had with her husband, without reference to the diary, Rule 602 would apply.  The personal knowledge requirement for the diary itself is contained in Rule 803(5) and, as to the diary, Mr. Emerson's reference to Rule 602 is redundant.

implied charge of recent fabrication." Fed. R. Evid. 801(d)(1).[3]  This assumes the statement meets the premotive requirement.  *Tome v. United States*, 513 U.S. 150, 167 (1995); *United States v. DeSimone*, 488 F.3d 561, 574 (1st Cir. 2007).

All of this becomes more and more farfetched, which is why the Court characterizes the diary's admissibility as dubious.  Nevertheless, trials take on a life of their own and what now seems implausible may become central during trial.  Having given the parties some guidance, the Court is unwilling to definitively exclude the diary as a matter of law.

## III.    CONCLUSION

The Court DENIES the Plaintiff's Motion *in Limine* Regarding Lisa Zanke Diary (Docket # 39).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2007

---

[3]  Although Ms. Zanke does not have personal knowledge about whether Mr. Emerson went bow hunting in disregard of his doctor's instructions, she does know what her husband told her on October 30, 2003.  Thus, if the evidence is admissible under Rule 801(d)(1), Ms. Zanke's testimony would not violate the personal knowledge requirement of Rule 602.

4